UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SIDNEY McBRIDE, III**                                      CIVIL ACTION

**VERSUS**                                                    NO. 21-712

**SHERIFF TIM SOIGNET, ET AL.**                              SECTION: "A"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Sidney McBride, III, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. He sued Sheriff Tim Soignet, Captain Rhonda Ledet, Captain Prestenbach, Sergeant Kyra Hebert, Lieutenant B. Bailey, and Lieutenant A. Zeringue. In this lawsuit, plaintiff claimed that he was disrespected and the victim of racial discrimination and retaliation while incarcerated at the Terrebonne Parish Criminal Justice Complex.[1]

On May 26, 2021, the Court held a Spears hearing concerning the allegations in both this lawsuit and a related lawsuit, McBride v. Soignet, Civ. Action No. 21-525 "A"(3).[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on plaintiff's Spears hearing testimony, his complaint, and his other attachments and submissions, the Court finds that he is making the following allegations in this lawsuit:

---

[1] Although plaintiff was incarcerated when this lawsuit was filed, it appears from a filing in a related case that he has since been released. See Rec. Doc. 13 in Civil Action No. 21-525.
[2] This Report and Recommendation concerns only the allegations, testimony, and law relevant to the claims in this lawsuit. A separate Report and Recommendation is being issued regarding the claims in Civil Action No. 21-525.

Plaintiff alleged that a nurse did not answer when he asked her about his medications. As a result, he submitted an administrative grievance, complaining that the nurse's actions left him feeling "very disrespected as a man and inmate." In the response to that grievance, a jail official asked plaintiff what medication he was not receiving. After plaintiff identified the medication, Paxil, he was then placed on that medication at the jail.

Plaintiff next alleged that defendant Hebert wrote him up on a false disciplinary charge.[3] He was then convicted at the related disciplinary hearing,[4] although he alleged that the disciplinary conviction resulted not from the validity of the charge but instead from more sinister motivations – namely a desire to retaliate against him for filing the prior lawsuit (Civil Action No. 21-525) and a desire to discriminate against him because he is Black. At the Spears hearing, he conceded that his disciplinary conviction was not subsequently overturned or vacated.

Lastly, plaintiff also alleged that Prestenback abused his authority by denying him participation in a work-release program due to the aforementioned disciplinary charge. When, plaintiff submitted an administrative grievance concerning Prestenbach's actions, plaintiff was informed that his complaint regarding work release was not reviewable through the grievance process; he was told that such a complaint was instead reviewable only through the jail's disciplinary procedures.

Because plaintiff filed this lawsuit *in forma pauperis*, the Court must screen the case before it can proceed. Specifically, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or

---

[3] Plaintiff has submitted a copy of the disciplinary charge. Rec. Doc. 6, pp. 8-9.
[4] Plaintiff has also submitted a copy of the resulting disciplinary conviction. Id. at pp. 6-7.

2

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

  A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In determining whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

  A complaint is considered malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

  A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

3

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[5] the undersigned recommends that, for the following reasons, this action be dismissed as frivolous, malicious, and/or for failing to state a claim on which relief may be granted.

## Disrepect

Plaintiff's claim that he was disrespected by the nurse duplicates a claim he asserted in his earlier lawsuit, Civil Action No. 21-525. He may not pursue the same claim in both cases. Therefore, the claim asserted herein is considered legally "malicious," and it should be dismissed without prejudice to plaintiff's ability to continue to pursue the claim in his prior lawsuit.

## Disciplinary Charge

Plaintiff's claim that he was falsely charged with the disciplinary infraction is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[5] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Id. at 486-87 (footnote omitted). "Heck's principle extends to disciplinary convictions." Bourne v. Gunnels, 921 F.3d 484, 489 (5th Cir. 2019). Therefore, when an inmate "'makes allegations that are inconsistent with the conviction's having been valid, Heck kicks in and bars his civil suit.'" Aucoin v. Cupil, 958 F.3d 379, 383 (5th Cir. 2020) (quoting Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003)), cert. denied, 141 S. Ct. 567 (2020). Claims barred by Heck are legally frivolous. See Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996); see also Anderson v. Galveston County District Clerk, 91 F. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 F. App'x 755 (5th Cir. 2003).

Here, plaintiff acknowledges both that he was convicted in the related disciplinary proceeding and that his disciplinary conviction has not been overturned or vacated. Moreover, he specifically alleges that that the underlying disciplinary charges were **false** – an allegation that is inherently inconsistent with that disciplinary conviction's validity. Therefore, Heck bars his claim. See, e.g., Hines v. Popp, 289 F. App'x 7, 10 (5th Cir. 2008) ("[Plaintiff's] claim that he received false disciplinary cases was properly dismissed because any challenge to the validity of the disciplinary cases is barred by Heck …."). Accordingly, that claim should be dismissed with prejudice until such time as the Heck conditions are met.[6]

### Retaliation/Discrimination

In addition to claiming that his underlying disciplinary charge was false, plaintiff is also further alleging that his resulting disciplinary conviction was invalid because it stemmed from a motivation to retaliate against him for filing his earlier lawsuit, Civil Action No. 21-525, and from a desire to discriminate against him based on his race.

---

[6] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

5

Although Heck clearly bars a claim challenging the validity of a disciplinary conviction, Heck does not bar a related **retaliation** claim.  Muse v. Sheriff's Department, Ouachita Parish, 405 F. App'x 872, 873 (5th Cir. 2010); see also Walker v. Savers, 583 F. App'x 474, 476 (5th Cir. 2021).  This is true because retaliation is a concern that exists "separate and apart from the apparent validity of the underlying disciplinary report."  Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995).  However, while Heck does not bar plaintiff's retaliation claim, he must still surmount yet another hurdle:  he must "allege facts to support an arguable claim of retaliation."  Lynn v. Cockrell, 86 F. App'x 700, 701 (5th Cir. 2004); see also Mahogany v. Rogers, 293 F. App'x 259, 260 (5th Cir. 2008).  For the following reasons, he has not done so here.

The United States Fifth Circuit Court of Appeals has held:

> It is well established that prison officials may not retaliate against an inmate because that inmate exercised his right of access to the courts.  To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.  Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred.

McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) (citation, internal quotation marks, and ellipsis omitted).  But the Fifth Circuit then further cautioned:  "The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties, and so retaliation claims must be regarded with skepticism …."  Woods, 60 F.3d at 1166 (quotation marks omitted).  Accordingly, "trial courts must carefully scrutinize these claims."  Id.  To that end, courts require that inmates claiming retaliation either (1) produce direct evidence of retaliatory motivation or (2) allege a chronology of events from which retaliation may plausibly be inferred.  Id.

In the instant case, plaintiff has produced no direct evidence of a retaliatory motivation. Further, while it is obviously possible that he was convicted of the disciplinary offense in order to retaliate against him for his filing his prior lawsuit, the mere fact that it is **possible** to infer a retaliatory motive from a chronology of events does not suffice. Rather, again, a plaintiff's retaliation claim is actionable only if it is **plausible** to infer a retaliatory motive based on the sequence of events. Here, the Court simply cannot say that plaintiff's allegations crossed the line from possibility to plausibility for the following reasons.

First, the mere fact that an action was taken against a prisoner after he filed a lawsuit is not alone sufficient to constitute a chronology of events from which one can infer a retaliatory motive. Without more, the connection between the two events is simply "too tenuous to support a claim of retaliation." Thunderhorse v. Pierce, 418 F. Supp. 2d 875, 898 (E.D. Tex. 2006), aff'd in part, vacated in part on other grounds, 232 F. App'x 425 (5th Cir. 2007); accord Armenta v. Chapman, 371 F. App'x 452, 456 (5th Cir. 2010); Norman v. Prince, Civ. Action No. 10-0605, 2011 WL 6369977, at *6 (M.D. La. Nov. 3, 2011), adopted, 2011 WL 6369840 (M.D. La. Dec. 19, 2011); Allen v. Holden, Civ. Action No. 10-753, 2011 WL 4737416, at *6-7 (M.D. La. Aug. 29, 2011), adopted, 2011 WL 4729831 (M.D. La. Oct. 5, 2011). To hold otherwise would allow an inmate to file suit and "then forever after claim that any adverse actions by prison officials were necessarily motivated by retaliatory intent from the prior legal action." Thunderhorse, 418 F. Supp. 2d at 898.

Second, even if the Court assumes that the defendants were aware of plaintiff's prior lawsuit at the time of his disciplinary conviction, the Court cannot reasonably infer that the lawsuit "left them in such a fit of pique that they would resort to unlawful retaliation." Allen v. St. Tammany Parish, Civ. Action No. 17-4091, 2018 WL 558503, at *6 (E.D. La. Jan. 1, 2018),

adopted, 2018 WL 537495 (E.D. La. Jan. 24, 2018). Plaintiff has failed to support his claim with any facts beyond his own conclusory assertions. As the Fifth Circuit has cautioned, "a two-point chronology" with "one incident preceding the other" is not support for a plaintiff's retaliation claim and "does not emit a plausible inference of retaliation." Gonzales v. Seal, Civ. Action No. 13-34, 2013 WL 6244183, at *10 (E.D. La. Dec. 3, 2013) (citing McClure v. Turner, 481 F. App'x 167, 172 (5th Cir. 2012)).

In summary, plaintiff's retaliation claim is actionable **only if** the defendants were motivated by a desire to punish plaintiff for exercising a specific constitutional right. Here, plaintiff produced **no direct evidence** of such a motivation, and a retaliatory motive **cannot be inferred** merely from the fact that he filed a prior lawsuit. Rather, his allegations of a retaliatory motive in this case are wholly speculative and conclusory, and they therefore do not suffice to survive the screening process mandated by federal law. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988) (dismissing as frivolous conclusory allegations that a prison official's action was taken in retaliation for the prisoner's prior complaints); see also Moore v. Thaler, 436 F. App'x 311, 312 (5th Cir. 2011) (holding that a prisoner's "conclusional allegations, based solely on his personal beliefs, were not sufficient to support a valid constitutional claim for ... retaliation").

Plaintiff's related **discrimination** claim fares no better. Even if the Court assumes that the discrimination claim would not be barred by Heck, an assumption which is legally questionable,[7]

---

[7] In other circuits, courts have found similar claims to be barred by Heck. See, e.g, Portley-El v. Brill, 288 F.3d 1063, 1067 (8th Cir. 2002) ("[I]n this case, Portley-El seeks equal protection damages on the ground that Warden Brill charged and convicted him on account of his race. If Portley-El were to succeed on this claim, he would necessarily demonstrate Brill's bias in affirming his discipline, thereby rendering the disciplinary result invalid, including the loss of good time credits. See Edwards [v. Balisok], 520 U.S. [641,] 647, 117 S.Ct. 1584 [(1997)] ("[a] criminal defendant tried by a partial judge is entitled to have his conviction set aside, no matter how strong the evidence against him"). Thus, the equal protection claim … is a direct attack on the validity of a disciplinary decision that resulted in the loss of good time credits. This claim, too, is Heck-barred."); Bates v. Sullivan, 6 F. App'x 425, 427 (7th Cir. 2001) ("As for his equal protection claim, Bates says he is not challenging the discipline he received for fighting with Walker, only the allegedly discriminatory conduct that led to the disparity in punishment. A finding that the defendants

8

his claim would still fail because, again, he has not pleaded adequate factual content to establish that his claim is plausible (as opposed to merely possible) as is required to state a cognizable claim under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plaintiff's discrimination claim is wholly conclusory and unsupported by anything other than his own belief that he was the victim of discrimination.  That simply does not suffice.  Sandifer v. Tanner, Civ. Action No. 14-1670, 2015 WL 4168172, at *5 (E.D. La. July 1, 2015) ("Conclusory claims of discrimination do not establish discriminatory intent."); Harris v. Keith, No. 13-CV-750, 2013 WL 5516432, at *3 (W.D. La. Oct. 2, 2013) ("[A]n unsupported and conclusory allegation of racial malice is insufficient to state a claim for which relief can be granted."); accord Gonzales v. Currie, Civ. Action No. 2:13-CV-201, 2014 WL 222353, at *2 (S.D. Tex. Jan. 21, 2014) ("Neither personal belief nor vague and conclusory allegations are sufficient to raise an equal protection claim.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim that he was disrespected by a jail nurse be dismissed without prejudice to its prosecution in Sidney McBride, III v. Sheriff Tim Soignet, et al., Civ. Action No. 21-525 "A"(3) (E.D. La.).

It is **FURTHER RECOMMENDED** that plaintiff's claim that he was falsely charged with a disciplinary infraction be dismissed with prejudice to its being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims be dismissed with prejudice as frivolous and/or for failing to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

---

discriminated against Bates in punishing him, however, would necessarily imply the invalidity of his punishment, and therefore Bates's equal protection claim is barred under Balisok and Heck.")

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    New Orleans, Louisiana, this __16th__ day of August, 2021.

                                                  _____
                                                  **DANA M. DOUGLAS**
                                                  **UNITED STATES MAGISTRATE JUDGE**

**CLERK TO SEND A COPY OF THIS
REPORT AND RECOMMENDATION TO
PLAINTIFF AT THE FOLLOWING ADDRESS:**

**Sidney McBride, III
1259 St. Charles St.
Apartment 36
Thibodaux, LA 70301**